# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANTHONY SANTOS, SR., <br><br> Plaintiff, <br><br> v. <br><br> MARGARET MIMS, <br><br> Defendant. | Case No.: 1:17-cv-00134-SAB (PC) <br><br> ORDER DISMISSING COMPLAINT, WITHOUT PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF <br><br> [ECF No. 1] |

Plaintiff William Anthony Santos, Sr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 10, 2017. Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed January 31, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff contends that Fresno County Sheriff Margaret Mims is allowing "modern day slavery" to take place against parties in two separate criminal actions. Plaintiff's sister, children, and mother of his children have been the victim of human trafficking throughout the city and county of Fresno.

Plaintiff seeks an order to stop the human trafficking, compensatory damages, punitive damages, and trial by jury.

///
///
///
///
///

# III.

# DISCUSSION

**A.     Section 1983 Liability**

The Civil Rights Act, codified at 42 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).

> [Section 1983] creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution. Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials. To prove a case under section 1983, the plaintiff must first demonstrate that (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. [citation omitted].

Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

At a minimum, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the act complained of was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v. Taylor, 451 U.S. 527, 535 (1981). To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). Thus, the statute plainly requires that there be an actual causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

**B.     Standing**

"Standing is the determination of whether a specific person is the proper party to bring a particular matter to the court for adjudication," and a federal court is obliged to examine plaintiff's standing pursuant to Article III of the United States Constitution. See Justice v. Vail, 430 U.S. 327, 3310 (1977).

A plaintiff generally has standing to assert claims for the violation of his/her own legal rights and do not have standing to assert claims for the violations of the legal rights of other persons. See Barrows v. Jackson, 346 U.S. 249, 255 (1953). There is an exception to the general rule, if "the

litigant can demonstrate that he or she has suffered a concrete, redressable injury, that he or she has a close relation with the third party, and that there exists some hindrance to the third party's ability to protect his or her own interests." Edmonson v. Leesville, 500 U.S. 614, 629 (1991).

There are no facts whatsoever to indicate that Plaintiff has standing to challenge the alleged human trafficking violations, or that Plaintiff can, by way of amendment, establish standing to challenge the alleged constitutional violations to third party individuals. Thus, although the Court would generally grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). Accordingly, the instant complaint must be dismissed, without prejudice, for failure to state a cognizable claim for relief. See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that the complaint is dismissed, without prejudice, for failure to state a cognizable claim for relief and the Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: **April 19, 2017**

UNITED STATES MAGISTRATE JUDGE

4